WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAY 1 2 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DERRICK DEWAYNE DAVIS (#126965)** | **DOCKET NO. 1:15-CV-1234; Sec. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed by pro se Petitioner Derrick Dewayne Davis (#126965), pursuant to 28 U.S.C. §2254. Davis, currently incarcerated at the Winn Correctional Center in Winnfield, Louisiana ("WNC"), challenges his 2006 conviction and sentence in the Ninth Judicial District Court on two counts of sexual battery. Petitioner previously sought habeas corpus relief in this Court (Civil Action No. 08-1627). He has not shown that he obtained permission from the Fifth Circuit Court of Appeals to file a second habeas corpus application.

The approval provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") allocates subject matter jurisdiction to the courts of appeal by stripping the district courts of jurisdiction over a second or successive habeas petition unless and until the court of appeal has decreed that it may go forward. This statutory directive means that a district court faced with an unapproved second or successive habeas petition motion must direct the Clerk of Court's office to notify the petitioner/movant that a motion for authorization must be filed with the court of appeal.

See In re Epps, 127 F.3d 364, 365 (5th Cir. 1997), adopting the procedures set forth in Coleman v. U.S., 106 F.3d 339 (10th Cir. 1997), and Liriano v. U.S., 95 F.3d 119 (2d Cir. 1996) (including the requirement that the district court transfer the petition or motion the Court of Appeals).

Since Petitioner filed this habeas petition in this court without prior approval from the Fifth Circuit, the petition should be transferred to the Fifth Circuit Court of Appeals with the instructions provided below.

Therefore, **IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to notify Petitioner: (1) that he must file in the Fifth Circuit Court of Appeals a motion pursuant to Section 2244(b)(2) within 30 days from the date of the Clerk's notice, and (2) if he fails to file such a motion within that time, an order will be entered denying authorization.  The Clerk shall further notify Petitioner that, to be successful, his motion must make a prima facie showing that either (1) his claim relies on a new rule of constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence,

would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See §§2244(b)(2) and (b)(3)(C). Finally, the Clerk shall instruct Petitioner that the following documents should be attached to and filed with his §2244(b)(3) motion:

> (1) A copy of the proposed §2254 petition for which he is requesting authorization to file in the district court;
>
> (2) Copies of (a) all previous §2254 petitions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous §2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a §2254 motion or a §2241 petition;
>
> (3) All court opinions and orders disposing of the claims advanced in (2) above; and
>
> (4) All magistrate judge's reports and recommendations issues in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Petitioner is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE